**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., )<br>)<br>    Plaintiff, )<br>)<br> vs. )<br>)<br>SAMUEL TAYLOR GRANT, WILLIAM )<br>SHEPHERD ROSE, III, individually, and )<br>as an officer, director, shareholder, )<br>member and/or principal of PALACE )<br>HOTEL LLC d/b/a Palace Hotel Bar, and )<br>PALACE HOTEL LLC d/b/a Palace Hotel )<br>Bar, )<br>)<br>    Defendants. ) | C/A No. 2:18-cv-01854-DCN<br><br>**DEFENDANT<br>WILLIAM SHEPHERD ROSE, III'S<br>ANSWER AND AFFIRMATIVE<br>DEFENSES TO PLAINTIFF'S<br>COMPLAINT**<br><br>**(Jury Trial Requested)** |

Defendant William Shepherd Rose, III ("Defendant Rose") hereby files this Answer and Affirmative Defenses in response to Plaintiff's Complaint. Each and every allegation in the Complaint not expressly admitted is denied.

### FOR A FIRST DEFENSE TO ALL CAUSES OF ACTION

1. Defendant Rose admits the allegations in this paragraph.

2. Defendant Rose admits the allegations in this paragraph.

3. Defendant Rose is without knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

4. Defendant Rose is without knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

5. Defendant Rose is without knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

6. Defendant Rose is without knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

7. Defendant Rose admits the allegations in this paragraph.

8. Insofar as the allegations in this paragraph are directed at Defendant Rose, Defendant Rose admits he resides in the state of South Carolina, but Defendant Rose denies that on the date of "the Program" he was an officer, director, shareholder, member or principal of the entity owning and operating "the Establishment."  By way of further response, Defendant Rose states that he owns a fifteen percent interest in Palace Hotel LLC.  Insofar as the allegations in this paragraph are directed at another defendant, no response is required.

9. Insofar as the allegations in this paragraph are directed at Defendant Rose, Defendant Rose denies those allegations.  Insofar as the allegations in this paragraph are directed at another defendant, no response is required.

10. Defendant Rose is without knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

11. Insofar as the allegations in this paragraph are directed at Defendant Rose, Defendant Rose denies those allegations.  Insofar as the allegations in this paragraph are directed at another defendant, no response is required.

12. Insofar as the allegations in this paragraph may be directed at Defendant Rose, Defendant Rose denies those allegations.  Insofar as the allegations in this paragraph are directed at other defendants or "commercial locations" that are not party to this lawsuit, no response is required.

13. Insofar as the allegations in this paragraph may be directed at Defendant Rose, Defendant Rose denies those allegations.  Insofar as the allegations in this

paragraph are directed at other defendants or "commercial locations" that are not party to this lawsuit, no response is required.

14. Insofar as the allegations in this paragraph are directed at Defendant Rose, Defendant Rose denies those allegations. Insofar as the allegations in this paragraph are directed at another defendant, no response is required.

15. Insofar as the allegations in this paragraph are directed at Defendant Rose, Defendant Rose denies those allegations. Insofar as the allegations in this paragraph are directed at another defendant, no response is required.

16. Insofar as the allegations in this paragraph are directed at Defendant Rose, Defendant Rose denies those allegations due to the argumentative way in which they are stated. By way of further response, Defendant Rose states that he did not "exhibit the Program in the Establishment." Insofar as the allegations in this paragraph are directed at another defendant, no response is required.

17. Defendant Rose is without knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

**FOR A FIRST DEFENSE TO PLAINTIFF'S FIRST CAUSE OF ACTION**

18. Defendant Rose incorporates by reference all of the foregoing paragraphs as if set forth fully herein.

19. Insofar as the allegations in this paragraph are directed at Defendant Rose, Defendant Rose denies those allegations. Insofar as the allegations in this paragraph are directed at another defendant, no response is required.

20. Insofar as the allegations in this paragraph are directed at Defendant Rose, Defendant Rose denies those allegations.  Insofar as the allegations in this paragraph are directed at another defendant, no response is required.

21. Insofar as the allegations in this paragraph are directed at Defendant Rose, Defendant Rose denies those allegations.  Insofar as the allegations in this paragraph are directed at another defendant, no response is required.

### **FOR A FIRST DEFENSE TO PLAINTIFF'S SECOND CAUSE OF ACTION**

22. Defendant Rose incorporates by reference all of the foregoing paragraphs as if set forth fully herein.

23. Insofar as the allegations in this paragraph are directed at Defendant Rose, Defendant Rose denies those allegations.  Insofar as the allegations in this paragraph are directed at another defendant, no response is required.

24. Insofar as the allegations in this paragraph are directed at Defendant Rose, Defendant Rose denies those allegations.  Insofar as the allegations in this paragraph are directed at another defendant, no response is required.

25. Insofar as the allegations in this paragraph are directed at Defendant Rose, Defendant Rose denies those allegations.  Insofar as the allegations in this paragraph are directed at another defendant, no response is required.

26. Defendant Rose denies Plaintiff is entitled to the relief requested in the unnumbered paragraph, including all of its subparts, beginning "WHEREFORE…" or to any relief at all.

## FOR A SECOND DEFENSE TO ALL CAUSES OF ACTION

27. Plaintiff's Complaint has failed to state facts sufficient to constitute a cause of action upon which relief can be granted, and Plaintiff therefore cannot recover against Defendant Rose.

## FOR A THIRD DEFENSE TO ALL CAUSES OF ACTION

28. Plaintiff cannot recover against Defendant Rose because the claimed damages, to the extent they have been sustained at all, were caused by the intervening and superseding acts or omissions of persons or parties over whom Defendant Rose had no control.

## FOR A FOURTH DEFENSE TO ALL CAUSES OF ACTION

29. To the extent any damages were sustained at all, Plaintiff cannot recover because it failed to mitigate its damages.

## RESERVATION OF RIGHTS

30. Defendant Rose hereby gives notice of his intent to assert any further affirmative defenses that he may learn to be supported by facts and law, including but not limited to, a defense that this action is barred in whole or in part by any applicable statute, by estoppel, or by the doctrine of laches. Defendant Rose thus reserves the right to amend this Answer and Affirmative Defenses to assert any such defenses.

31. Defendant Rose demands a trial by jury on all claims presented by Plaintiff's Complaint.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant William Shepherd Rose, III prays that Plaintiff take nothing for its Complaint, that the Court dismiss Plaintiff's Complaint with prejudice, that Defendant Rose be awarded his costs

and attorneys' fees to the extent permitted by law, and for such other and further relief as the Court deems just and proper.

**BOWMAN AND BROOKE, LLP**

By: ____s/Kevin J. Malloy_____
Kevin J. Malloy
kevin.malloy@bowmanandbrooke.com
(State Bar No. 100170)
1441 Main Street, Suite 1200
Columbia, South Carolina 29201
Phone: (803) 726-7420

**Attorney for Defendant William Shepherd Rose, III**

August 17, 2018

Columbia, South Carolina